# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Hector Arevalo Carrasco, <br><br> Plaintiff, <br><br> v. <br><br> Ludlow Manufacturing, Inc., <br><br> Defendant. | Case No.: 1:23-cv-15381 |

## DEFENDANT LUDLOW MANUFACTURING, INC'S
## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

NOW COMES Defendant, LUDLOW MANUFACTURING, INC., by and through its attorneys, O'Hagan Meyer, LLC, and moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of its Motion, Defendant states as follows:

### INTRODUCTION

Plaintiff's Complaint is flawed for multiple reasons. First, Plaintiff's claims are barred due to timing issues—his administrative charge was filed outside the statutory period, and he waited over a year to serve the Complaint after filing it. Furthermore, even if Plaintiff's charge and Complaint were timely, they would still fail to meet the necessary pleading standards to warrant relief.

Plaintiff's Complaint consists of a single unintelligible paragraph without distinct claims or a prayer for relief. It is disorganized and lacks the clarity required to give Defendant fair notice of the claims against it. Further, to the degree Plaintiff mentions disability discrimination and

retaliation, the facts provided are insufficient to support any such arguments. For all of these reasons, the Complaint must be dismissed.

## RELEVANT ALLEGATIONS

Plaintiff was hired by Defendant on August 13, 2018, to work as a welder. (Dkt. 1, p.1). On September 5, 2021, Plaintiff went to the hospital after he began experiencing chest pains. (Dkt. 1, p. 2). Plaintiff was admitted shortly thereafter for heart surgery. (*Id.*) On September 10, 2021, Plaintiff sent Defendant a request for leave due to short term disability under the Family and Medical Leave Act. (Dkt.1, p. 20). Plaintiff requested three months leave to recover from surgery. (Dkt. 1, p. 29). Plaintiff did not return to work after his FMLA leave ended. (Dkt. 1, p. 3). Accordingly, Plaintiff was terminated on December 8, 2021. (*Id.*)

Plaintiff filed a charge for discrimination based on disability and retaliation on October 6, 2023. A copy of the charge is attached herein as Exhibit A.[1] The charge was dismissed on October 23, 2023, because the charge had not been filed within the statutory time limit. (Dkt. 1, p. 40). Plaintiff filed this suit four days later on October 27, 2023. (Dkt. 1). Plaintiff took no steps to serve Defendant until September 25, 2024, when a U.S Marshall was appointed to assist Plaintiff in serving Defendant. (Dkt. 10). Defendant filed a waiver of service on November 27, 2024. (Dkt. 14).

## ARGUMENT

**I.      Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant can

---

[1] In addition to the allegations set forth in the Complaint, the Court may consider "documents that are attached to the complaint, documents that are central to the complaint and referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citing cases). Because Plaintiff's EEOC Charge is both central to and referenced in Plaintiff's Complaint (Dkt. 1, p. 40), the Court should consider it for purposes of this Motion to Dismiss.

file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* the United States Supreme Court held that to survive a motion to dismiss, a complaint must contain sufficient factual matter, taken as true, to "state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.,* 536 F.3d 663, 668 (7th Cir. 2008). As such, dismissal is proper when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

**II.  Plaintiff's Claims Are Time-Barred Due to Untimely Filing of His Administrative Charge.**

Plaintiff is not entitled to relief for any of his claims because his administrative charge was untimely filed. In Illinois, an employee may sue under the ADA "only if he files a charge of discrimination with the EEOC within 300 days of the alleged 'unlawful employment practice.'" *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004) (citation omitted); 42 U.S.C. § 2000e-5(e)(1). The 300-day period begins on the date of the discriminatory act giving rise to a Plaintiff's claims. *Filipovic v. K & R Exp. Sys., Inc.*, 176 F.3d 390, 396 (7th Cir.1999) ("[A] a complainant must file a charge with the EEOC within *300 days* of the alleged discriminatory act and failure to do so renders the charge untimely.")

Plaintiff claims that he was wrongfully terminated on December 8, 2021. (Dkt. 1, p.1). Accordingly, Plaintiff should have filed his disability discrimination charge with the Equal

Employment Opportunity Commission ("EEOC") on or by October 4, 2022, 300 days after his termination. However, Plaintiff did not file his charge until October 6, 2023, *over a year after the statutory time limit had elapsed*. Plaintiff is aware that his claims are untimely. In the Dismissal and Notice of Rights, the EEOC specifically told Plaintiff, "you waited too long after the date of the alleged discrimination to file your charge". (Dkt. 1, p. 40). As such, Plaintiff's ADA claims are unquestionably time barred and must be dismissed.

### III. Plaintiff's Complaint is Incoherent and Fails to Put Defendant on Notice of His Claims.

Even if Plaintiff had timely filed his administrative charge, he would still not be entitled to relief because his Complaint lacks any organization and is incomprehensible. "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011). While Defendant acknowledges the Supreme Court dictates that *pro se* complaints be liberally construed, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), that does not obviate a *pro se* Plaintiff's obligation to provide basic notice of the nature of his claims to the opposing party under Rule 8(a)(2).

Plaintiff's Complaint consists of one large paragraph that fails to identify individual claims, include sufficient facts to support his arguments, or state a prayer for relief. Throughout his Complaint, Plaintiff mentions that he suffered disability discrimination and retaliation, but in reading the Complaint as a whole, it is very confusing to discern what facts Plaintiff is alleging in relation to his claims. This disorganization ultimately makes it impossible for Defendant to differentiate and respond to Plaintiff's claims. As Plaintiff has failed to provide basic notice of the claims he is making, it would be proper to dismiss this case without prejudice pursuant to Rule 12(b)(6). *See, e.g., Loubser v. Thacker*, 440 F.3d 439, 433 (7th Cir. 2006) ("the complaint is

confusing. The district court would have been within its rights in dismissing it on that ground ... but with leave to replead"); *Hopkins v. Indiana State Dep't of Corrections*, No. 1:13-cv-01885, 2014 WL 3378674, at *2 (S.D. Ind. July 8, 2014) (dismissing complaint without prejudice where the allegations were confusing). *Stokes v. Navistar Int'l Corp.*, 1:14-CV-351 JD, 2015 WL 8180274, at *3 (N.D. Ind. Dec. 7, 2015); *Huang v. Shiu*, 124 F.R.D. 175, 177 n.3 (N.D. Ill. 1988) (dismissing complaint where it is written so poorly it simply cannot be understood, inasmuch as it is not the responsibility of the court or the defendants to pour over the complaint in an attempt to ascertain what plaintiff is trying to say). The impenetrable nature of the Complaint in this case would support a similar disposition.

**IV. Plaintiff Fails to Properly Plead Any Claim for Which Relief May be Granted.**

To the extent Plaintiff does manage to assert claims of disability discrimination and retaliation, he fails to provide sufficient facts to support those claims. In the context of a motion to dismiss, the court must accept all well-pleaded facts as true and construe the complaint in a light most favorable to the non-moving party. *Hentosh v. Herman M. Finch Univ. of Health Sciences,* 167 F.3d 1170, 1173 (7th Cir. 1999). The plaintiff, however, is still under the obligation to plead sufficient facts to state a claim upon which relief can be granted. *Id.* (Recognizing this principle in the context of employment discrimination suit). The utter lack of any facts describing the conduct of which Plaintiff is complaining fails to meet even the lowest pleading burden.

**A. Plaintiff has not stated a claim for disability discrimination.**

To make out a *prima facie* case of a disability discrimination claim, Plaintiff must demonstrate that: (1) he is disabled under the ADA; (2) he was meeting his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees without a disability were treated more favorably. *Bunn v. Khoury Enters., Inc*., 753 F.3d 676, 685

5

(7th Cir. 2014). A person is "disabled" within the meaning of the ADA if he has: (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; or (3) are regarded as having such an impairment. *Moore v. J.B. Hunt Transp., Inc.*, 221 F.3d 944, 950 (7th Cir. 2000).

Plaintiff has not established that he qualifies as disabled under the ADA. While Plaintiff claims he faced disability discrimination before requesting short-term disability leave on September 5, 2025, he provides no evidence of a qualifying disability prior to his heart surgery. His only claim of disability is tied to the surgery itself. Plaintiff has also fails to establish he was meeting his employer's legitimate business expectations or that similarly situated employees without disabilities were treated more favorably. Finally, with respect to any "adverse employment action", Plaintiff does not actually state or sufficiently imply that he was terminated based on his disability. In fact, based on Plaintiff's own evidence, Plaintiff was only terminated after he failed to return to work after his FMLA leave expired. (Dkt. 1, p. 3). For these reasons, Plaintiff has failed to state a claim for disability discrimination.

### B. Plaintiff has not stated a claim for retaliation.

To state a claim for retaliation under the ADA, Plaintiff must demonstrate that (1) he engaged in a statutorily protected expression; (2) he suffered from an adverse action; and (3) there is a causal link between the protected expression and the adverse action. *E.E.O.C. v. Yellow Freight Sys., Inc.*, 253 F.3d 943, 952 (7th Cir. 2001). Plaintiff states that he made several complaints to Defendant, However, Plaintiff has not provided sufficient or clear enough facts to determine what he was complaining about, or if his complaints constituted a statutorily protected expression. Plaintiff has also failed to connect these complaints to his disability or his termination several months later. The only element Plaintiff can establish for this cause of action is an adverse

employment action, which, as stated above, had nothing to do with Plaintiff's claims of discrimination or retaliation. Therefore, Plaintiff has once again failed to properly plead his claim.

V.       **Plaintiff's Complaint Should Be Dismissed for Insufficient Service of Process**.

Plaintiff's Complaint also should be dismissed for insufficient service of process under Fed. R. Civ. P. 4(m). This rule mandates that if effective service is not obtained within 120 days of filing a complaint, and the plaintiff cannot show good cause why such service was not made within that period, the action shall be dismissed without prejudice. *Geiger v. Allen,* 850 F.2d 330, 332 (7th Cir. 1988).

Here, Plaintiff filed his initial complaint on October 27, 2023. As of February 24, 2024, 120 days later, Plaintiff had not served Defendant. In fact, Plaintiff took no steps to serve Defendant until September 25, 2024, when a U.S Marshall was appointed to assist Plaintiff. (Dkt. 10). The U.S Marshal was not appointed until 334 days after Plaintiff filed his complaint. (*Id*.)

Plaintiff's lack of diligence in serving Defendant is a clear violation of Fed. R. Civ. P. 4(m). The fact that Plaintiff was not represented by counsel does not excuse his failure to follow the rules of this Court. *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001) (finding that self-representation does not establish good cause under Rule 4(m). "We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Given the lack of good cause for such a lengthy delay, Plaintiff's Complaint should be dismissed.

## CONCLUSION

Plaintiff's Complaint is untimely and fails to meet basic pleading requirements. Wherefore, Defendant, LUDLOW MANUFACTURING, INC., respectfully requests that this Honorable

Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and award it any further relief this Court deems equitable and just.

| | |
|---|---|
| DATED: January 23, 2025 | Respectfully submitted: |
| | Ludlow Manufacturing, Inc. |
| | By:/s/ *Iman Eikram* <br> One of Defendant's attorneys |

Kevin O'Hagan
Iman Eikram
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
kohagan@ohaganmeyer.com
ieikram@ohaganmeyer.com

**CERTIFICATE OF SERVICE**

   This is to certify that on this 27th day of January 2025, I electronically filed ***Defendant Ludlow Manufacturing, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6)***, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Hector Arevalo Carrasco<br>1304 Hickory Street<br>Waukegan, IL 60085

                     By:/s/ *Iman Eikram*
                        One of Defendant's attorneys

Kevin O'Hagan
Iman Eikram
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
kohagan@ohaganmeyer.com
ieikram@ohaganmeyer.com